Mahope Family L.P. v Avgush (2023 NY Slip Op 05253)

Mahope Family L.P. v Avgush

2023 NY Slip Op 05253

Decided on October 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LILLIAN WAN, JJ.

2021-08938
 (Index No. 63930/20)

[*1]Mahope Family Limited Partnership, appellant,
v
Doron Avgush, et al., respondents.

Jasne & Florio, LLP, White Plains, NY (Hugh G. Jasne of counsel), for appellant.
Kevin Kerveng Tung, P.C., Flushing, NY (Kevin K. Tung of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, for specific performance of a contract for the sale of real property and to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated October 15, 2021. The order granted the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the amended complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff and the defendants entered into a contract of sale, pursuant to which the defendants agreed to sell certain real property to the plaintiff. The contract contained a short sale contingency, providing that either of the parties could cancel the contract if the defendants' lender did not approve a short sale. Thereafter, the defendants were informed by their lender that their request for a short sale had been denied. The defendants' counsel sent a letter to the plaintiff's counsel, advising, accordingly, that the defendants were electing to cancel the contract and returning the down payment.
The plaintiff commenced this action, among other things, for specific performance of the contract of sale and to recover damages for breach of contract. The defendants moved pursuant to CPLR 3211(a)(7) to dismiss the amended complaint, asserting that they were entitled to cancel the contract pursuant to its terms. In opposition, the plaintiff asserted, inter alia, that the defendants had breached the covenant of good faith and fair dealing by failing to pursue short sale approval in good faith. The Supreme Court granted the motion. The plaintiff appeals.
"[I]n New York, all contracts imply a covenant of good faith and fair dealing," which "[b]roadly stated, . . . embraces a pledge that neither party [will] do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract" (Singh v City of New York, 40 NY3d 138, 145-146 [internal quotation marks omitted]). "[T]he covenant requires the parties to perform under the contract in a reasonable way" (Cordero v Transamerica Annuity Serv. Corp., 39 NY3d 399, 409 [internal quotation marks omitted]).
Here, the plaintiff alleged that the defendants breached the covenant of good faith and fair dealing by failing to diligently, and in good faith, pursue their lender's approval of a short sale. [*2]The defendants demonstrated, however, that these facts alleged by the plaintiff were not "fact[s] at all" (Guggenheimer v Ginzburg, 43 NY2d 268, 275). The defendants submitted the lender's email setting forth a complete list of documents required for short sale review, the defendants' submission to the lender with the attached documents, and the lender's denial letter, which did not cite any failure on the part of the defendants to properly complete the application process, but rather, contained a substantive determination that the defendants did not qualify for the requested relief. This evidence utterly refuted the plaintiff's factual allegations that the defendants had failed to properly pursue short sale approval, thereby demonstrating that the plaintiff had no causes of action based upon the defendants' alleged breach of the implied covenant of good faith and fair dealing (see Pacific W., Inc. v E & A Restoration, Inc., 178 AD3d 834, 835).
The plaintiff's remaining contentions are without merit.
Accordingly, we affirm the order granting the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the amended complaint.
IANNACCI, J.P., WOOTEN, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court